SAVERIO RIZZOLO, TRADING, &c., PLAINTIFF-APPELLANT,
v. CHARLES W. POYSHER, BUILDER, AND ALFRED
STAHL, OWNER, RESPONDENTS-DEFENDANTS.

Argued July 6, 1916—Decided November 20, 1916.

1. In a mechanics' lien suit the whole claim is not vitiated because of one or more items improperly set out in the bill of particulars, if the good and bad items are not inseparably blended.

2. A general statement in the bill of particulars of a mechanics' lien claim that the work was done by contract at a price mentioned is sufficient.

3. Where an architect wrongfully refuses to issue certificates of completion of work, it is not necessary to show that the owner participated in the wrongful refusal, in order to sustain an allegation of fraud, based upon such refusal.

---

This was a mechanics' lien suit by the principal contractor which after a trial in the Circuit Court resulted in a general judgment against the "builder" and special judgment against the "owner." On appeal to the Supreme Court the general judgment was sustained, and this phase of the case is not appealed. The special judgment against Stahl as "owner" was reversed for reasons set forth in the following *per curiam* opinion of the Supreme Court:

"We find no error which warrants reversal of the judgment against the builder. The case is different with the judgment against the owner. The lien claim contained a bill of particulars as follows:

"Final payment under contract dated
    Oct. 29th, 1912.................... $1,500.00
"Extra work performed and materials
    furnished at the request of the owner
    and architect as follows:
"Change from wood beams to reinforced
    concrete ceiling ..................    80.00
"Concrete between beams and booth floor
    in place of wood..................    50.00

| | |
|---|---:|
| "One extra door covered with metal in booth completed | $15.00 |
| "One double iron trap door above iron ladder | 8.00 |
| "Six brass shore electric chandelier sets | 72.00 |
| "One ½ shell with brass frame chandelier | 10.00 |
| "Extra work cellar drain from rear yard to cellar | 68.00 |
| "To lower the two rear exits excavating, retaining wall as per submitted estimate | 253.00 |
| "Total amount claimed | $2,056.00 |

"At the close of the plaintiff's case a motion was made to nonsuit as against the owner because of the insufficiency of the bill of particulars. Thereupon on application of the plaintiff, the circuit judge allowed amendments specifying that the items of $80, $50, $15, $8, $68 and $253 were furnished by agreement in the months of February or March, 1913. No amendment was made as to the items of $1,500, $72 or $10. Clearly the item of $1,500 is not set forth as the statute requires. Section 16, IV. (*Comp. Stat., p.* 3304), requires:

" 'A bill of particulars exhibiting the amount and kind of labor performed and of materials furnished, and the price at which and times when the same was performed and furnished, and giving credit for all the payments made thereupon and deductions that ought to be made therefrom, and exhibiting the balance justly due to such claimant.'

"When the work and materials are furnished by contract, the particulars need not be stated 'further than by stating, generally, that certain work therein stated was done by contract at a price mentioned.'

"The present bill of particulars does not set forth the amount and kind of labor performed and materials furnished; it does not state prices and times, as to the $1,500, even after amendment; it does not give credit for all payments made;

and if it can be held to state that the work was done by contract, it does not mention the price. The plaintiff does not defend this method of setting forth the particulars, but argues that the question was not properly raised by motion to nonsuit, since the lien might be good as to the other items as to which amendments were allowed. The difficulty with this argument is that the bill of particulars is a single bill, and if it fails' to comply with the statute, it cannot support a lien as to a portion only. The owner was entitled to a nonsuit, and as far as the judgment is special against the property, it must be reversed. Whether or not an amendment is still permissible is a question not presented by this record. The reversal is without costs."

For the appellant, *Samuel F. Leber*.

For the respondent, *Hugo Woerner*.

The opinion of the court was delivered by

PARKER, J. It is not quite clear whether the Supreme Court held that all the items in the bill of particulars were defective after amendment, or, conceding that some of these items were good, held that the whole bill was vitiated by one bad item. We conclude on our examination of the case that some of the items are sufficiently stated, and that so far as they are so stated the lien can be supported.

Four things are required to be contained in a valid lien claim, under section 16 of the Mechanics' Lien act—

1. A description of the building and curtilage.

2. The name of the owner (at the time of filing the lien). *Edwards* v. *Derrickson*, 28 *N. J. L.* 39; 29 *Id.* 468.

3. The name of the person that contracted the debt ("builder"). These requirements were all met in the lien claim under consideration as amended.

4. A bill of particulars exhibiting (*a*) the amount and kind of labor performed and materials furnished; (*b*) the price at which, and (*c*) the times when the same were performed and furnished; (*d*) giving credit for all the payments

made thereupon; (*e*) exhibiting the balance justly due to the claimant.

But where the work or materials, or both, are furnished by contract, the statute provides that the statement need not state the particulars of such labor or materials further than by stating, generally, that certain work therein stated was done by contract at a price mentioned.

The claim is to be verified by oath of the claimant in a form specified in the statute; and if the claim be not filed in the manner or within the time prescribed, or if the bill of particulars shall contain any willful or fraudulent misstatement of the matters directed to be inserted therein, the lien fails.

There is evidence to show that this lien claim was filed within the legal time. It was also filed in the manner prescribed, viz., in the county clerk's office, made up in the form and with the verification required by the statute. The clause "in the manner * * * aforesaid" cannot refer to the accuracy of the bill of particulars, item by item, because that is covered by a special clause, whereby the claim is invalidated for willful or fraudulent misstatement. No other defect in the bill of particulars is mentioned in the act. Our cases have held, at a time when the act was strictly construed as an innovation on the common law (*Ayres* v. *Revere,* 25 *N. J. L.* 474; *Associates* v. *Davison,* 29 *Id.* 415), that if the bill of particulars as a whole failed to measure up to the requirements the lien failed. *Associates* v. *Davison, supra.* But even at that period it was not said that an illegal item would vitiate the whole bill. On the contrary, the stress was laid on the fact that not a single item was supportable. Page 422. In *Edwards* v. *Derrickson, supra,* the claim contained an item for construction of a flume, and it was argued that this was not lienable and made the claim incompetent as evidence on the trial. Mr. Justice Van Dyke, writing for the Supreme Court, said (on *p.* 42): "If the charge for the flume were in the claim wrongly, it could not impair it as legal evidence to prove the other matters contained in it, and it was therefore properly received." The language of the act at that time was identical with that of the present act in this

regard. *Pamph. L.* 1853, *p.* 437; *Nix. Dig.* (1861) 525; *Id.* (1868) 572. Edwards *v.* Derrickson was affirmed in this court (29 *N. J. L.* 468), the argument there being that the court below erred in holding, as it did, that the flume item was lienable. Page 473. Nothing was said in the discussion about vitiation of the whole claim thereby, though the point is stated on page 470.

No case is cited, and we can find none, holding that the whole claim is vitiated because of one or more items improperly set out in the bill of particulars. And whereas the earlier cases leaned toward a strict construction of the act, recent adjudications are somewhat to the contrary. *Buchanan & Smock Lumber Co.* v. *Einstein,* 87 *N. J. L.* 307; *Gardner & Meeks Co.* v. *Herold,* 76 *Id.* 524. Great liberality has been exercised by the courts in permitting amendments, both of defective particulars, even after expiration of the time for filing the lien (*American Brick Co.* v. *Drinkhouse,* 59 *Id.* 462, 465, 466), and by adding the names of parties to be affected within that time. *Vreeland Building Co.* v. *Knickerbocker Sugar Co.,* 75 *Id.* 551. Such cases illustrate the tendency of the courts to give full effect to the law within its language and spirit without working injustice. The rule propounded with respect to the bill of particulars by a careful student of our statute, is that "a claim is not necessarily bad, for including illegitimate, as well as legitimate, items; for it may stand, *quoad* the good items; but if the good and the bad items are inseparably blended, the claim will be bad." *Luce N. J. Mech. Lien L.* (*2d ed.*) 96. We think this is a substantially correct statement of the law; so, that if the claim in the case at bar contained items set forth in accordance with the statute, either in its original form or as amended, it would have been improper to nonsuit because other items may have been insufficiently stated, there being no question of willful or fraudulent misstatement.

We turn, then, to an examination of the claim as amended on the original motion to nonsuit.

The $1,500 item was not amended.

The $80 item was amended by stating that the work was done in February or March, 1913, by agreement between the builder and the contractor.

The same amendment was made to the items of $50, $15 and $8, also to the items of $68 and $253.

. A reading of the whole bill of particulars will make it fairly plain that the plaintiff claimed to have executed a building contract dated October 29th, 1912, and extras to that contract specially agreed upon; that he had received all payments under the main contract, except the last, and claimed for that, and also for the price of the extra work as agreed; and that he had completed the building described in the lien on April 29th, 1913. This we consider a sufficient specification, at least, as to some of the extra items. The statute makes a special provision, touching work done under contract, as already noted. A general statement that the work was done by contract at a price mentioned is sufficient; and the amended items in this respect complied with the statutory requirement. The dates assigned (February or March, 1913) are somewhat indefinite, especially as the claim was not filed until June 26th, and suit was not begun until July 1st; but the original contract and extras incidental to the construction of a satisfactory building constituted one complete work, and the claim was filed well within four months from the date of the last work done or materials furnished as set out in the claim. This time limit is the underlying reason for a particular statement of dates. *Associates* v. *Davison*, 29 *N. J. L.* 421, 422. In that case there was no claim for contract work. The present case is more like *Williamson* v. *New Jersey Southern Railway Co.*, 28 *N. J. Eq.* 277, 296; *affirmed,* 29 *Id.* 311, 315, where there was a general statement of contract work.

We conclude, then, that there was after amendment a sufficient claim for certain contracted extras to a main contract, for an entire work completed April 29th, 1913, and, consequently, that at least as to part of the claim there was a case for the jury. This being so, the question whether plaintiff was entitled to recover on other items is immaterial here,

because those items were not legally challenged except on motion to nonsuit.

There remain, however, a number of points made by defendant on the trial, which, if well taken either in whole or part, would require an affirmance of the judgment of the Supreme Court, notwithstanding our dissent from the view expressed by that court on the questions just discussed.

First, that plaintiff failed to reply to the answer, which set up among other things plaintiff's failure to procure the architect's certificate required by the contract as a condition precedent to the last payment. There was a preliminary motion to nonsuit on this ground, which the court denied, some two weeks before the trial. No exception was taken to this ruling. At the opening of the trial, plaintiff moved to "add to his reply allegations of fraud on the part of the architect and waiver as to written authority on the part of the owner." Defendant objected on the ground of laches. The motion was granted, and no exception was prayed. There was no reply then to amend, it is true, but the purport of the motion was plain, viz., to put the record into shape to try out the issue that was in fact tried, of fraud by the architect in refusing the certificate, on the theory of *Chism* v. *Schipper,* 51 *N. J. L.* 1, and *Bradner* v. *Roffsell,* 57 *Id.* 412. Defendant no doubt was entitled to have the record perfected · before going on with the trial, but did not make this point. We find no injurious error properly before us in this phase of the case. The Supreme Court afterwards allowed the reply to be filed.

Next, the apparent confusion of builder and owner in the claim was clarified by an amendment made during the trial by the trial judge, under the act of 1911, page 47. Both were originally charged both as builders and owners, and the amendment limited the claim so as to charge Poysher only as builder and Stahl solely as owner. Whether their liability could have been enlarged by an amendment after the time for filing the claim had expired, is not now in question. In the case of each it was diminished, and they were not legally harmed thereby, nor were outside parties injuriously affected.

The point that the order for amendment of the lien claim was entitled in the cause, is as we think without substance. If improperly so entitled, it is not thereby vitiated, as the error is of form only. Moreover, it is open only to collateral attack in this cause, on the ground that the judge had no jurisdiction to make it. *American Brick Co.* v. *Drinkhouse,* 59 *N. J. L.* 462, 466.

With respect to the refusal of the architect to issue a certificate, the question whether that refusal was fraudulent was left to the jury under instructions to which no exception was taken. Defendants' position is that there was no question of fraud raised on the evidence. It is inferable from the architect's own testimony that he was ready to issue the certificate, but that the defendants wished to cut down the final payment by several hundred dollars on account of a counter-claim which the architect refused to recognize or support except for a much smaller sum; that he advised the plaintiff to "get after them and get his money;" and that when plaintiff asked for the certificate, it was on the day before suit was begun, after plaintiff had retained counsel, and that he then refused it because he "did not want it to appear that he was issuing a certificate for a case." Such a reason was, of course, no reason at all, and led the judge very naturally to inquire of the witness whether he did not think that he had assumed responsibilities not belonging to his duties as architect. If the witness' statement was true, and there was no reason to believe the contrary, his refusal under such circumstances was fraudulent in the sense in which the court understood it in *Chism* v. *Schipper* and *Bradner* v. *Roffsell, ubi supra.* It is claimed that, to constitute such fraud, the owner must be a participant. If this were the rule, a corrupt architect would be greatly aided in extorting money from the contractor as a condition of awarding a certificate that was fully earned. The injustice of such a situation is obvious.

The next point is that the extra work claimed was done, if at all, without a written order and agreement in writing as to the cost, as required by the main contract. The answer

is that the evidence brings the case within the rule of *Headley* v. *Cavileer,* 82 *N. J. L.* 635.

The next two points, as to charges for work required by building regulations of the city, and the date when the work was completed, do not call in question any ruling of the trial court.

The next point is that suit was not begun until July 1st, 1913, and that this was over four months after completion. This also is a question of fact arising on the evidence, some of which was to the effect that the work was not completed until April 26th.

A number of rulings on evidence are attacked which we deem it unnecessary to discuss in detail. It should be sufficient to say that we have examined them all and find no injurious error in any of them. The point that the verdict was contrary to the charge of the court is not one that we can review on this appeal.

The last point is that time was of the essence of the contract. It does not seem to have been made at the trial, unless included in the broad ground taken on the motion to direct a verdict for defendant, that there was no evidence to show a completion of the contract according to its terms. This we think did not point out the time element so as to require the trial judge to rule on it; but conceding that it did, defendant, who had accepted the building, could claim no more than damages for the delay, for which there seems to have been no claim in the answer.

The judgment of the Supreme Court will be reversed and that of the Circuit Court affirmed.

*For affirmance*—None.

*For reversal*—The Chancellor, Trenchard, Parker, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner, JJ. 11.